# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Smalling, | No. CV 09-1062-PHX-MHM (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Respondents. | |

Petitioner Michael Smalling, who is confined in the Great Plains Correctional Facility in Hinton, Oklahoma, has filed a *pro se* pleading entitled "Motion for Relief from a Void Judgment under Rule 60(c)" (Doc. #1) (Motion). Petitioner has not paid a filing fee or filed an Application to Proceed *In Forma Pauperis*.

**I.    Rule 60(c) Motion**

Named as Respondents in the Motion are: (1) State of Arizona; (2) Terry Goddard, Arizona Attorney General; and (3) C. Ryan, Director, Arizona Department of Corrections (ADOC).

In his Motion, Petitioner attempts to invoke Rule 60(c) of the Federal Rules of Civil Procedure to attack his convictions and sentences in Maricopa County Superior Court cases #CR 2000-019175 and #CR 2000-018629.

Petitioner presents eight grounds for relief in the Motion:

(A)     "Plaintiff's convictions and resulting sentences were obtained by means of a plea agreement contract which is void for fraud, misrepresentation, and non-disclosure";

(B)     "State agent Eileen Willett, impersonating a judge of the state Superior Court, engaged in criminal activities, fraud, and misrepresentation to abrogate the Court's duty to uphold the U.S. and state constitutions, the state statute laws, and to abide by American Jurisprudence and the rulings of higher Courts, with the intent to keep Plaintiff unlawfully imprisoned";

(C)     "No state court which ruled on, or issued any orders concerning Plaintiff's direct review process, from Plaintiff's initial Rule 32 petition through the most recent state petition for a writ of habeas corpus, had any jurisdiction whatsoever to adjudicate, rule on, or issue any lawful decision concerning any matter in that process";

(D)     "Plaintiff was sentenced to aggravated sentences under the state's constitutionally defective A.R.S. § 13-702.01, which the state was forced to amend in 2006 to align it with the constitutional precept established in Apprendi (2000)";

(E)     "Plaintiff was not denied certiorari by the U.S. Supreme Court until March 24, 2008, four years after the Blakely decision, and Plaintiff's convictions and sentences were under 'direct review' until that time.  Plaintiff was entitled to release from imprisonment on August 6, 2006, under Apprendi/Blakely";

(F)     "Trial court lacked substance matter jurisdiction, and violated due process, to impose a sentence to 'community supervision' on Plaintiff";

(G)     "In Plaintiff's federal petition for writ of habeas corpus, U.S. District Court Judge, Mary M[u]rguia, District of Arizona, ruled to dismiss Plaintiff's petition on the grounds that Plaintiff's 'convictions had become final in 2002, upon dismissal of his initial Rule 32 petition,' which ruling contradicts her own prece[]ding statement that " . . . trial court dismissed Plaintiff's initial Rule 32 petition in February 2003, and which ruling is in opposition to all higher Court rulings regarding finality of state convictions and sentences.  Judge M[u]rguia's ruling is void for fundamental error"; and

1     (H)   "Plaintiff is a sovereign Citizen, who does not recognize the corporate STATE OF ARIZONA as a lawful authority operating under the common law. Plaintiff is not ens legis MICHAEL DAVID SMALLING, or any derivative thereof, nor is Plaintiff surety for that ens legis. The STATE OF ARIZONA's claims and judgments against Plaintiff are by agreement null and void."

## II.   Lack of Jurisdiction

Petitioner states that he "comes before this Court seeking relief from a void judgment by Fed. Rules of Civil Procedure under Rule 60(c)(3) fraud and misrepresentation; Rule 60(c)(4) Judgment is void; and Rule 60(c)(6) convictions were obtained and sentences imposed by unlawful means, under constitutionally impermissible statutes, misapplication of statute, and all state courts lacked jurisdiction to rule on Plaintiff's direct review proceedings."

Because Rule 60(c) of the Federal Rules of Civil Procedure relates to the timing and effect of a motion brought under Rule 60, the Court assumes that Petitioner intended to refer to Rules 60(b)(3), (4), and (6) of the Federal Rules of Civil Procedure. Rule 60(b)(3) applies to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; Rule 60(b)(4) applies where "the judgment is void"; and Rule 60(b)(6) applies to "any other reason that justifies relief."

This Court does not have jurisdiction to entertain this Motion with regard to decisions of state courts pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. "[N]either Rule 60(b) *per se* nor, for that matter, any other of the Federal Rules of Civil Procedure was ever designed to apply to proceedings in other than the United States District Courts." Washington-Baltimore N.G., Loc. 35 v. Washington Post Co., 442 F.2d 1234, 1239 (1971). Rule 1 of the Federal Rules of Civil Procedure provides in part that "[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts."

While Rule 60(b) can be used to relieve a party from a final judgment, order, or proceeding issued by a United States District Court, it cannot be used to relieve Petitioner of an order, judgment or proceeding issued by a state court, such as the Maricopa County

1 Superior Court. Accordingly, Petitioner's Motion will be denied for lack of jurisdiction to
2 the extent that he attacks his state court convictions and sentences.

3 Although this Court does have jurisdiction to entertain a petition for writ of habeas
4 corpus pursuant to 28 U.S.C. § 2254, the Court finds that it is not in the interest of justice to
5 construe Petitioner's Motion as a § 2254 petition because Petitioner has filed a previous
6 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court attacking
7 Petitioner's convictions and sentences in Maricopa County Superior Court cases #CR 2000-
8 019175, #CR 2000-018629, and #CR 2000-018399.

9 On July 11, 2005, Petitioner filed a § 2254 petition in this Court in case number CV
10 05-2043-PHX-MHM (DKD). Petitioner filed an amended petition on November 7, 2005.
11 By Order filed March 13, 2007, this Court accepted and adopted the Magistrate Judge's
12 Report and Recommendation and denied and dismissed with prejudice the amended petition
13 in CV 05-2043-PHX-MHM (DKD). Judgment was entered on March 13, 2007. Petitioner
14 appealed and, by Order filed August 7, 2007, the Ninth Circuit Court of Appeals denied
15 Petitioner's request for a certificate of appealability, ending Petitioner's appeal.

16 **III.  Reconsideration of Prior Ruling in Federal Court**

17 To the extent that Petitioner seeks reconsideration in his Motion for the undersigned
18 Judge's ruling dismissing his amended petition in CV 05-2043-PHX-MHM (DKD), the
19 Court notes that Rule 60(c)(1) of the Federal Rules of Civil Procedure Rule provides that "[a]
20 motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2),
21 and (3) no more that a year after the entry of the judgment or order or the date of the
22 proceeding." This Court's Order denying the amended petition in CV 05-2043-PHX-MHM
23 (DKD) was filed on March 13, 2007, over two years before Petitioner filed the instant
24 Motion. The Court finds that under the circumstances, Petitioner has not made his Motion
25 within a reasonable time with regard to the Court's ruling in CV 05-2043-PHX-MHM
26 (DKD). Accordingly, the Motion will be denied as untimely to the extent that Petitioner
27 seeks reconsideration in his Motion for the undersigned Judge's ruling dismissing his
28 amended petition in CV 05-2043-PHX-MHM (DKD).

**IT IS ORDERED**:

(1) Petitioner's "Motion for Relief from a Void Judgment under Rule 60(c)" (Doc. #1) is **denied** for lack of jurisdiction and as untimely.

(2) This action is **dismissed** and the Clerk of Court **must enter judgment** accordingly.

DATED this 16th day of July, 2009.

_____
Mary H. Murguia
United States District Judge