**WO**                                                                                                           RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Smalling, | ) No. CV 09-1062-PHX-MHM (DKD) |
| Petitioner, | ) **ORDER** |
| vs. | ) |
| State of Arizona, et al., | ) |
| Respondents. | ) |

Pending before the Court in this closed case is Petitioner's "Motion to Reconsider" (Doc. #6), which the Court will deny.

**I.    Procedural Background**

On May 18, 2009, Petitioner Michael Smalling, who is confined in the Great Plains Correctional Facility in Hinton, Oklahoma, filed a *pro se* pleading entitled "Motion for Relief from a Void Judgment under Rule 60(c)" (Doc. #1) (Motion for Relief). Petitioner did not pay a filing fee or file an Application to Proceed *In Forma Pauperis*.

By Order filed July 21, 2009 (Doc. #3), the Court denied the Motion for Relief for lack of jurisdiction and as untimely, and dismissed this action. Judgment was entered on July 21, 2009 (Doc. #4).

On July 29, 2009, Petitioner filed a "Petition for Default Judgment" (Doc. #5), dated July 24, 2009. In his Petition, Petitioner sought a "judgment in default against the Defendants" pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Because this

action was dismissed prior to Petitioner's filing of his Petition, the Court, by Order filed August 11, 2009 (Doc. #8), denied Petitioner's attempt to have a judgment of default entered against the Respondents.

**II.     Motion for Reconsideration**

On August 3, 2009, Petitioner filed his "Motion to Reconsider" (Doc. #6), in which Petitioner seeks to have the Court reconsider his Motion for Relief (Doc. #1). In the present case, where Petitioner submitted his Motion to Reconsider after entry of judgment, the only appropriate procedural devices are: (1) a motion to alter or amend judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure; or (2) a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure.

Because Petitioner's Motion to Reconsider calls into question the correctness of the underlying judgment, it is in reality a Rule 59(e) motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and the Court will construe it as such. Fischer v. United States Department of Justice, 759 F.2d 461, 464 (5th Cir. 1985). See also Munden v. Ultra Alaska Associates, 849 F.2d 383, 387 (9th Cir. 1988); Sea Ranch Association v. California Coastal Zone Conservation Comm'n, 537 F.2d 1058, 1061 (9th Cir 1978); 9 J. Moore, Moore's Federal Practice ¶ 204.12[1] (1985) ("Any motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label.").

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Here, after having considered the foregoing standards, and liberally reviewing the circumstances of Petitioner's case, the Court's previous Order filed July 21, 2009 (Doc. #3), the record in this case, and Petitioner's Motion to Reconsider, the Court declines to reverse itself and set aside its Order dismissing this case (Doc. #3) and Judgment entered July 21,

2009 (Doc. #4).

Petitioner has done nothing more than disagree with this Court and has failed to demonstrate a clear error of law or that the Court's decision was manifestly unjust. Also, Petitioner has neither alleged that there has been an intervening change of controlling law, nor has he offered newly discovered evidence that would make reconsideration appropriate.

As noted in the Court's July 21, 2009 Order (Doc. #3), Petitioner's Motion for Relief was untimely to the extent that Petitioner was seeking reconsideration in his Motion for Relief of the undersigned Judge's ruling dismissing his amended petition in CV 05-2043-PHX-MHM (DKD), and that while Rule 60(b) of the Federal Rules of Civil Procedure can be used to relieve a party from a final judgment, order, or proceeding issued by a United States District Court, it cannot be used to relieve Petitioner of an order, judgment or proceeding issued by a state court, such as the Maricopa County Superior Court.

**IT IS ORDERED** that Petitioner's "Motion to Reconsider" (Doc. #6), which the Court **construes** as being brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is **denied**.

DATED this 13th day of August, 2009.

_____
Mary H. Murguia
United States District Judge